## JAMES P. WOOSTER *v.* THE STATE.

1. CRIMINAL LAW. *Keeping open liquor shops, etc. What constitutes a liquor shop.* If the business of the defendant be the retailing of spirituous liquors, his house is a "liquor shop." The indictment for such an offense may use equivalent words to the statute.

2. SAME. *Elections.* The defendant will not be guilty of selling liquor on election days, under the statute, where the sales take place after sunset on the day of election.

### FROM HARDEMAN.

Appeal from the Circuit Court. THOS. J. FLIPPIN, Judge.

HARRY M. HILL and G. W. HARDEN for complainant.

ATTORNEY-GENERAL HEISKELL for the State.

NICHOLSON, C. J., delivered the opinion of the court.

This is a presentment against Wooster, under the

act of 1869–70, ch. 22, sec. 4, "for keeping open a liquor shop" on the 22d of February, that being an election day. The presentment charges that Wooster kept open "a house where spirituous liquors were bought and sold."

A motion to quash the presentment was overruled, and upon the trial the Circuit Judge charged the jury that "if the proof shows that the defendant had license to retail spirituous liquors, or kept what is commonly known as a saloon, where the principal business is selling whisky by the drink or retail, then such a house is in law a liquor shop." The jury found the defendant guilty, and from the judgment, fining him ten dollars, he has appealed.

The motion to quash the presentment was properly overruled. A "liquor shop" was correctly described in the presentment as "a house where spirituous liquors are kept and sold." It would have been proper to describe the offense in the language of the statute, but it is sufficient to describe it in language substantially synonymous with that used in the statute. This is done in the presentment.

The definition of a liquor shop given by the judge in his charge is unobjectionable, except that it is not essential that selling liquor is the principal business of the house to constitute a liquor shop. If the business of the defendant was the retailing of spirituous liquors, his house was a "liquor shop," although he may have combined with it the sale of other articles.

It is conceded by the Attorney General that the charge of the court was erroneous in telling the jury

that defendant would be guilty if he kept his house open after the election was over, and before midnight of the day of the election. The statute defines the day in such cases to be from sunrise to sunset.

For this error the judgment is reversed, and the cause remanded.